IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CORNERSTONE RESEARCH, INC.,          :
353 Sacramento Street, 19th Floor    :
San Francisco, California 94111      :
                                     :
          Plaintiff,                 :
                                     :
v.                                   :    Case No.
                                     :
APPFORGE, INC.                       :
Tower Place 200                      :
3348 Peachtree Road, N.E.            :
Suite 625                            :
Atlanta, Georgia 30326               :
                                     :
          Defendant.                 :
                                     :
Serve:                               :
                                     :
Resident Agent                       :
Graham Wood or Gary Warren           :
#625, 3348 Peachtree Road            :
Atlanta, Georgia 30326               :

## COMPLAINT
### (Breach of Contract, *Quantum Meruit*, Unjust Enrichment)

Plaintiff Cornerstone Research, Inc. ("Cornerstone"), by counsel Niccolò N.

Donzella and Baxter, Baker, Sidle, Conn & Jones, hereby sues Defendant AppForge, Inc.

("AppForge") and, in support thereof, states as follows:

### The Parties

1.    Plaintiff Cornerstone provides consulting and expert testimony in support

of complex commercial litigation. It is a corporation formed under the laws of the State

of California, with its principal place of business in San Francisco, California.

Cornerstone also maintains an office in the District of Columbia.

2.     Defendant AppForge is a provider of software that allows customers to use custom built applications on mobile computing devices. It is a corporation formed under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.

### Jurisdiction and Venue

3.     This Court has subject matter jurisdiction over this action, pursuant to pursuant to 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000.

4.     This Court has personal jurisdiction over defendant, as the contract and services at issue were performed in the District of Columbia and, upon information and belief, defendant does business in the District of Columbia.

5.     Venue is proper in this district, pursuant to 28 U.S.C. § 1331(2), as a substantial part of the events or omissions giving rise to the claim occurred in the District of Columbia.

### Factual Allegations

6.     In April 2005, AppForge engaged Cornerstone to provide consulting and expert witness services in support of AppForge's copyright and trademark infringement claims in an arbitration styled *Appforge, Inc. v. Extended Systems, Inc.*, AAA Arbitration File No. 14 117 01521 04 (the "Arbitration"). The engagement was made directly with Cornerstone's District of Columbia office, where all of the required services were performed. Upon information and belief, AppForge used Cornerstone's services in the Arbitration to some advantage.

7.     AppForge agreed to pay Cornerstone for its services based on hourly fees, plus out-of-pocket expenses.

8.     Over the course of the engagement, Cornerstone provided $165,301.02 in fees and expenses in support of the Arbitration and has billed AppForge in that amount.

9.     By March 2006, AppForge had paid only $56,748.17 of the amount due, and, by letter dated March 9, 2006, Cornerstone made demand for payment accompanied by a statement of the account. A true and accurate copy of that letter and attached statement of account is attached hereto as Exhibit 1.

10.     In a letter dated March 14, 2006, AppForge's Chief Financial Officer, Graham Wood, responded to Cornerstone's March 9, 2006 demand for payment by acknowledging the amount of the outstanding balance and asking for "a small discount" and additional time to pay while AppForge sought additional funding. A true and accurate copy of this letter is attached hereto as Exhibit 2.

11.     Although Cornerstone has provided AppForge with additional time, and has offered alternative terms of payment, to date AppForge has failed to respond to these offers or to make any further payment on the balance due.

## COUNT I
### (Breach of Contract)

12.     Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1 through 11, as though they were set forth fully herein.

13.     AppForge retained Cornerstone to provide consulting and expert witness services in support of the Arbitration and agreed to pay for those services on an hourly fee basis plus out-of-pocket expenses. AppForge further agreed to pay interest at 1.5% per month on any outstanding balance.

3

14.     Cornerstone has provided $165,301.02 in fees and expenses, as requested by AppForge.

15.     Cornerstone has billed AppForge for $165,301.02 in fees and expenses, and to date AppForge has paid $56,748.17 of the amount due, leaving a balance of $108,552.85. The interest due on the outstanding balance is $23,856.74 and growing at the rate of $54.28 per day.

16.     AppForge has acknowledged this debt and, despite demands for payment, AppForge has failed to pay the amount due.

17.     AppForge has breached its contractual obligation to pay for the services it requested and accepted.

18.     As a result of AppForge's breach, Cornerstone has been damaged in the amount of $108,552.85, plus interest to this date of $23,856.74.

WHEREFORE, Cornerstone respectfully requests that this Court enter judgment against AppForge in the amount of $108,552.85, plus interest of $23,856.74, plus pre-judgment interest at a rate of $54.28 *per diem*, post-judgment interest, costs, attorneys' fees, and such other relief as the Court may deem appropriate.

## COUNT II
### (Account Stated)

19.     Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1 through 18, as though they were set forth fully herein.

20.     Cornerstone's March 9, 2006 written demand for payment and AppForge's March 14, 2006 written response constitute an express, or in the alternative an implied, agreement as to the amount due.

21.    AppForge's March 14, 2006 written response also constitutes a promise to pay the amount due, requesting that "a small discount" be applied due to AppForge's financial constraints.

22.    As a result of AppForge's failure to keep its promise and pay the stated account, Cornerstone has been damaged in the amount of $108,552.85, plus interest to date of $23,856.74.

WHEREFORE, Cornerstone respectfully requests that this Court enter judgment against AppForge in the amount of $108,552.85, plus interest of $23,856.74, plus pre-judgment interest at a rate of $54.28 *per diem*, post-judgment interest, costs, attorneys' fees, and such other relief as the Court may deem appropriate.

## COUNT III
### (*Quantum Meruit*)

23.    Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1 through 22, as though they were set forth fully herein.

24.    Cornerstone has rendered valuable consulting and expert witness services to AppForge in support of the Arbitration.

25.    AppForge accepted and enjoyed the services rendered by Cornerstone and used them to its advantage in the Arbitration.

26.    AppForge accepted and enjoyed Cornerstone's services under circumstances – including but not limited to its receipt of invoices and making of partial payment – that reasonably put AppForge on notice that Cornerstone expected to be paid.

27.    Allowing AppForge to retain this benefit without payment for its full value would be inequitable, and Cornerstone would thereby suffer damages.

WHEREFORE, Cornerstone respectfully requests that this Court enter judgment against AppForge in the amount of $108,552.85, plus interest of $23,856.74, plus pre-judgment interest at a rate of $54.28 *per diem*, post-judgment interest, costs, attorneys' fees, and such other relief as the Court may deem appropriate.

## COUNT IV
### (Unjust Enrichment)

28.    Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1 through 27, as though they were set forth fully herein.

29.    Cornerstone has conferred a benefit upon AppForge in the form of consulting and expert witness services in support of the Arbitration, the value of which AppForge has acknowledged.

30.    AppForge was well aware of the benefit so conferred and, in fact, used Cornerstone's services to its advantage in the Arbitration.

31.    Cornerstone had a reasonable expectation that it would be paid for its services, and in fact it has been paid for some of them.

32.    By the same token, AppForge reasonably expected to have to pay for Cornerstone's services, and in fact paid for some of them and asked for additional time and other considerations to pay the outstanding balance.

33.    Allowing AppForge to retain this benefit without payment for its full value would be inequitable.

WHEREFORE, Cornerstone respectfully requests that this Court enter judgment against AppForge in the amount of $108,552.85, plus interest of $23,856.74, plus pre-judgment interest at a rate of $54.28 *per diem*, post-judgment interest, costs, attorneys' fees, and such other relief as the Court may deem appropriate.

6

Respectfully submitted,

Niccolò N. Donzella
DC Bar No. 424054, Federal Bar No. 09320
Baxter, Baker, Sidle, Conn & Jones, P.A.
120 East Baltimore Street
Suite 2100
Baltimore, Maryland 21202
(410) 230-3800 – voice
(410) 230-3801 – facsimile

# CORNERSTONE RESEARCH

1875 K Street, N.W., Suite 600
Washington, DC 20006
Tel 202.912.8900
Fax 202.912.8999
www.cornerstone.com

March 9, 2006

Mr. Graham Wood
Chief Financial Officer
AppForge, Inc
Tower Place 200
3348 Peachtree Road, N.E.
Suite 625
Atlanta, GA 30326

**Re: AppForge, Inc. v. Extended Systems, Inc. et al.**

Dear Mr. Wood:

Attached is our statement of outstanding invoices related to services provided in the above-captioned litigation.

As you can see, the balance is long past due. I have understood from Cooley Godward that AppForge was seeking an additional round of financing, and that payment would be forthcoming. I contacted you recently seeking assurances that would be the case. Having had no answer, I am writing this letter you.

Cornerstone has not pressed for payment in light of what we understood to be AppForge's circumstances. However, given the passage of time and the lack of communication from you, I must ask that you process payment immediately. I will be happy to answer any questions you may have.

Sincerely,

Mary Woodford
Vice President

Enclosure

cc: Robert T. Cahill, Esq.; Ken Wiles

Boston, MA
Los Angeles, CA
Menlo Park, CA
New York, NY
San Francisco, CA
Washington, DC



**EXHIBIT**
1



# CORNERSTONE RESEARCH

353 Sacramento Street, 19th Floor
San Francisco, CA 94111-3656
Tel 415.229.8100
Fax 415.229.8199
www.cornerstone.com

March 9, 2006

Tax I.D. #94-3092543

Ken Wiles
AppForge, Inc.
Tower Place 200
3348 Peachtree Road, N.E.
Suite 625
Atlanta, GA  30326

Outstanding Balance Report as of 3/9/2006

Acct#    14180

Re:  AppForge, Inc. v. Extended Systems, Inc., et al.

| Invoice Number | Invoice Date | Days Outstanding | Invoice Amount | Payment Received | Balance Due |
|---|---|---|---|---|---|
| 20144 | 7/18/2005 | 234 | 26,880.20 | - | 26,880.20 |
| 21090 | 9/14/2005 | 176 | 43,399.44 | - | 43,399.44 |
| 21517 | 10/10/2005 | 150 | 37,764.31 | - | 37,764.31 |
| 22298 | 12/7/2005 | 92 | 221.90 | - | 221.90 |
| 23264 | 2/14/2006 | 23 | 287.00 | - | 287.00 |
| | | Total | $108,552.85 | - | $108,552.85 |

Includes payments posted to your account through 3/9/2006

Please remit to:
Cornerstone Research
353 Sacramento St., 19th Floor
San Francisco, CA 94111
Telephone contact:  Marcella Ramsey
(415) 229-8152
Payable Upon Receipt

**From:**   Graham Wood [graham.wood@appforge.com]
**Sent:**   Tuesday, March 14, 2006 4:27 PM
**To:**     Woodford, Mary
**Subject:** Letter & O/S amount

Dear Ms. Woodford,

I am in receipt of your letter of March 9, 2006 and wish to apologize for the seeming non-response to your query. I have not seen previous correspondence. Please ensure all correspondence is directed to my attention in the future.

Mr. Cahill is, in fact, correct that AppForge was seeking additional funding and as of less than two weeks ago, we partially closed on a round. Frankly, I have been solely focused on the funding effort as I trust you can appreciate. While we do have a partial round just completed, I want to see your firm paid for the services rendered in a timely fashion along with keeping my cash flow forecast to my investors on target. These issues are difficult to deal with at best.

To put it bluntly, I am asking Cornerstone to accept payment terms on the outstanding balance along with a small discount. I propose to make nine monthly payments in the amount of $11,000.00 beginning April 1, 2006 and ending December 1, 2006 for a total of $99,000.00. If my cash flow permits, I will accelerate future payments but cannot promise such.

As this matter is between AppForge and Cornerstone, I request that discussion regarding payments is to be kept confidential between us.

I trust you will give my proposal serious consideration. The firm appreciates your understanding and patience to date. I look forward to hearing back from you so we can begin the payment stream. Please contact me at the number below should you wish to discuss this further otherwise, if you agree to my proposal; please indicate so by return email in the affirmative.

Best regards,


Graham Wood

SVP, CFO

AppForge, Inc.

678-686-9110 Direct

770-330-5419 Mobile

770-234-6942 Fax



EXHIBIT

2

1

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

Case 1:07-cv-00171-CKK   Document 1-4   Filed 01/24/2007   Page 1 of 2

**I (a) PLAINTIFFS**

CORNERSTONE RESEARCH, INC.
353 Sacramento Street, 19th Floor
San Francisco, California 94111

**DEFENDANTS**

APPFORGE, INC.
Tower Place 200, 3348 Peachtree Road, N.E., Suite 625
Atlanta, Georgia 30326

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Niccolò N. Donzella
Baxter, Baker, Sidle, Conn & Jones, P.A.
120 East Baltimore Street,    Suite 2100
Baltimore, Maryland 21202
(410) 230-3800 – voice

ATTORNEYS (IF KNOWN)

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
   Plaintiff

○ 3 Federal Question
   (U.S. Government Not a Party)

○ 2 U.S. Government
   Defendant

◉ 4 Diversity
   (Indicate Citizenship of
   Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ◉ 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

○ **E. General Civil (Other)**          OR          ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| O G. *Habeas Corpus/* 2255 | O H. *Employment Discrimination* | O I. *FOIA/PRIVACY ACT* | O J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| O K. *Labor/ERISA (non-employment)* | O L. *Other Civil Rights (non-employment)* | O M. *Contract* | O N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   O 2 Removed from State Court   O 3 Remanded from Appellate Court   O 4 Reinstated or Reopened   O 5 Transferred from another district (specify)   O 6 Multi district Litigation   O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. § 1332(a)(1) Contract

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ in excess of $132,409.59 | Check YES only if demanded in complaint |
|---|---|---|---|
| | | **JURY DEMAND:** | YES ☐   NO ☒ |

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 01/24/07   SIGNATURE OF ATTORNEY OF RECORD _(signature)_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.