IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CORNERSTONE RESEARCH, INC., :
:
    Plaintiff, :
:
v. :  Case No. 1:07-CV-00171 CKK
:
APPFORGE, INC. :
:
    Defendant. :
:
:

### APPLICATION FOR ENTRY OF DEFAULT

TO: CLERK OF THE COURT

    Pursuant to Federal Rules of Civil Procedure, Rule 55(a), plaintiff requests that you enter the default of defendant AppForce, Inc. for failure to answer, plead in or otherwise defend this action, as stated in the attached affidavit.

    DATED this 3rd day of July, 2007.

/s/ Niccolò N. Donzella   *Niccolò N. Donzella / SKK*
*(by Siobhan R. Keenan Bar No. 489729 - with permission)*
Niccolò N. Donzella
DC Bar No. 424054, Federal Bar No. 09320
Baxter, Baker, Sidle, Conn & Jones, P.A.
120 East Baltimore Street
Suite 2100
Baltimore, Maryland 21202
(410) 230-3800 – voice
(410) 230-3801 – facsimile
***Attorney for Plaintiff***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORNERSTONE RESEARCH, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 1:07-CV-00171 CKK |
| | : |
| APPFORGE, INC. | : |
| | : |
| Defendant. | : |
| | : |
| | : |

## AFFIDAVIT FOR ENTRY OF DEFAULT
## AND FOR ENTRY OF DEFAULT JUDGMENT

I, Siobhan R. Keenan, being duly sworn, state as follows:

1. I am an attorney at the law firm of Baxter, Baker, Sidle, Conn & Jones, P.A., attorneys for plaintiff in this action.

2. Pursuant to Fed.R.Civ.P. 4(h) and United States District Court for the District of Columbia LCvR 5.1, copies of the Complaint and Summons herein were personally served on defendant AppForge, Inc. ("AppForge"), on January 25, 2007 by delivering copies to Gary Warren, the Chief Executive Officer of AppForge and to Graham Wood, the Resident Agent of AppForge. A copy of the affidavit of service on AppForge, Inc. is attached hereto as Exhibit A.

3. On February 20, 2007, defendant entered an appearance for the limited purpose of requesting an extension of time in which to answer the complaint.

4. The time within which the above defendant could plead in or otherwise defend this action has expired. Plaintiff has not received any answer from the defendants.

5. Pursuant to Fed.R.Civ.P. 55(a), plaintiff has filed with this affidavit an application for entry of default against the defendant.

6. Pursuant to Fed.R.Civ.P. 55(b), plaintiff has served notice of the application for judgment upon defendant by mailing a copy of the application, supporting affidavit, and exhibits thereto, to Anne Braucher, DLA Piper US LLP, counsel for AppForge, Gary Warren, the Chief Executive Officer of AppForge, and to Graham Wood, the Resident Agent of AppForge on July 3, 2007.

   7. The amount justly due and owing plaintiff from the defendant is the principal amount of $108,552.85 as of January 24, 2007, plus prejudgment interest accumulating on this amount at an annual rate of 18% which, as of July 3, 2007 totals $32,541.54, plus $350.00 for the costs of filing the complaint and serving the defendants.

   8. Attached as Exhibit B is evidence of the principal amount owed as of January 24, 2007. Attached as Exhibit C is evidence that the parties had agreed to a prejudgment interest rate of 1.5% per month under the contract. Attached as Exhibit D is evidence of the costs plaintiff has incurred for filing the complaint and serving the defendants.

   9. The defendants is not an infant, incompetent, or in the military service of the United States.

*/s/ Siobhan R. Keenan*
Siobhan R. Keenan


STATE OF MARYLAND         )
                          ) to wit:
CITY OF BALTIMORE         )


I HEREBY CERTIFY that on the 3rd day of July, 2007, before me, the subscriber, a notary public of the State of Maryland, in and for the County aforesaid, personally appeared Siobhan R. Keenan, known to me to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same for the purposes therein contained, and in my presence signed and sealed the same.

   IN WITNESS WHEREOF, I have hereunto set my hand and notarial seal.

*/s/ Dorothy A. Reed*
Notary Public

My Commission expires:

_____

DOROTHY A. REED
Notary Public, State of Maryland
County of Baltimore
My Commission Expires September 1, 2008

3

# Exhibit A

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CORNERSTONE RESEARCH, INC., :
:
      Plaintiff, :
:
v. : Case No. 1:07-cv-00171-CKK
:
APPFORGE, INC. :
:
      Defendant. :

### AFFIDAVIT OF SERVICE

I, Dorothy A. Reed, do solemnly affirm, under the penalties of perjury and upon personal knowledge, that the facts set forth herein are true:

1. I am over 18 years of age and am competent to testify to the facts set forth herein.

2. I am not a party to this action.

3. Plaintiff's Complaint (Breach of Contract, *Quantum Meruit*, Unjust Enrichment) and Summons, for the above matter filed herein were mailed via U. S. certified mail on January 25, 2007 to Graham Wood, Resident Agent, AppForge, Inc., 3348 Peachtree Road, Suite 625, Atlanta, Georgia 30326, and to Gary Warren, CEO, AppForge, Inc., 3348 Peachtree Road, Suite 625, Atlanta, Georgia 30326, and both were received on January 30, 2007. See return receipts attached.

                                                              _____
                                                              Dorothy A. Reed

STATE OF MARYLAND        )
                         ) to wit:
CITY OF BALTIMORE        )

I HEREBY CERTIFY that on the 12th day of February, 2007, before me, the subscriber, a notary public of the State of Maryland, in and for the County aforesaid, personally appeared Dorothy A. Reed, known to me to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same for the purposes therein contained, and in my presence signed and sealed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and notarial seal.

_____
Notary Public

My Commission expires:
DIANA M. FORD
NOTARY PUBLIC STATE OF MARYLAND
County of Anne Arundel
My Commission Expires June 1, 2007

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of February, 2007, a copy of the foregoing Affidavit of Service was mailed first class, postage prepaid, to:

Graham Wood, Resident Agent
AppForge, Inc.
3348 Peachtree Road, Suite 625
Atlanta, Georgia 30326

Gary Warren, CEO
AppForge, Inc.
3348 Peachtree Road, Suite 625
Atlanta, Georgia 30326

Niccolò N. Donzella, Esq.
BAXTER, BAKER, SIDE, CONN & JONES, P.A.
120 East Baltimore Street
Baltimore, Maryland 21202
410-230-3802

affid service

3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Graham Wood, Resident Agent
   APPFORGE, INC.
   Suite 625, 3348 Peachtree Road
   Atlanta, Georgia 30326

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X  E Wolf
   ☐ Agent
   ☐ Addressee

B. Received by ( Printed Name )
   E WOlfe

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☒ Yes

2. Article Number
   (Transfer from service label)   7002 2410 0005 9363 7175

PS Form 3811, August 2001    Domestic Return Receipt    2ACPRI-03-Z-0985

---

UNITED STATES POSTAL SERVICE
ATLANTA GA 30
30 JAN 2007 PM

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

- Sender: Please print your name, address, and ZIP+4 in this box

Baxter, Baker, Sidle, Conn & Jones, P.A.
Attention: Niccolò N. Donzella
120 East Baltimore Street, Suite 2100
Baltimore, MD 21202

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Wolf_  ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) _G Wolfe_  C. Date of Delivery<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| 1. Article Addressed to:<br><br>Gary Warren, CEO<br>APPFORGE, INC.<br>Suite 625, 3348 Peachtree Road<br>Atlanta, Georgia 30326 | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 2410 0005 9363 7182 |

PS Form 3811, August 2001    Domestic Return Receipt    2ACPRI-03-Z-0985

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box

Baxter, Baker, Sidle, Conn & Jones, P.A.
Attention: Niccolò N. Donzella
120 East Baltimore Street, Suite 2100
Baltimore, MD 21202

# Exhibit B

# CORNERSTONE RESEARCH

353 Sacramento Street, 19th Floor
San Francisco, CA 94111-3656
Tel 415.229.8100
Fax 415.229.8199
www.cornerstone.com

March 9, 2006

Tax I.D. #94-3092543

Ken Wiles
AppForge, Inc.
Tower Place 200
3348 Peachtree Road, N.E.
Suite 625
Atlanta, GA 30326

Outstanding Balance Report as of 3/9/2006

Acct#   14180

Re:  AppForge, Inc. v. Extended Systems, Inc., et al.

| Invoice Number | Invoice Date | Days Outstanding | Invoice Amount | Payment Received | Balance Due |
|---|---|---|---|---|---|
| 20144 | 7/18/2005 | 234 | 26,880.20 | - | 26,880.20 |
| 21090 | 9/14/2005 | 176 | 43,399.44 | - | 43,399.44 |
| 21517 | 10/10/2005 | 150 | 37,764.31 | - | 37,764.31 |
| 22298 | 12/7/2005 | 92 | 221.90 | - | 221.90 |
| 23264 | 2/14/2006 | 23 | 287.00 | - | 287.00 |
| | | Total | $108,552.85 | - | $108,552.85 |

Includes payments posted to your account through 3/9/2006

Please remit to:
Cornerstone Research
353 Sacramento St., 19th Floor
San Francisco, CA 94111
Telephone contact: Marcella Ramsey
(415) 229-8152
Payable Upon Receipt

# Exhibit C

# CORNERSTONE RESEARCH

1875 K Street, N.W., Suite 600
Washington, DC 20006
Tel 202.912.8900
Fax 202.912.8999
www.cornerstone.com

April 5, 2005

*Via Federal Express*

Mr. Ken Wiles
AppForge, Inc.
Tower Place 200
3348 Peachtree Road, N.E.
Suite 625
Atlanta, GA  30326

> Re:  **AppForge v. Extended Systems, Inc. et al.**

Dear Mr. Wiles:

This engagement letter agreement ("Agreement") confirms that AppForge, Inc. ("AppForge") has retained Cornerstone Research ("Cornerstone") as a consultant in connection with the above-captioned matter. AppForge will be solely responsible for the payment of Cornerstone fees and expenses. The following paragraphs outline the terms and conditions of the engagement.

AppForge understands that, at this time, Cornerstone has reached no opinions in this matter, and cannot represent or guarantee any opinion in advance. Any opinions that Cornerstone develops during the course of its work will reflect its independent, professional judgment.

This Agreement documents the fact that Mary A. Woodford will provide expert testimony or a written report reflecting her analysis, opinions, and/or conclusions. Any consulting work provided by Cornerstone that does not relate to such testimony or report will be the subject of a separate retention letter.

Boston, MA
Los Angeles, CA
Menlo Park, CA
New York, NY
San Francisco, CA
Washington, DC

## Terms and Conditions of the Engagement
## of Cornerstone Research Services

1.  **Fees and Expenses** – Cornerstone will send monthly bills to AppForge at the following address:

    Mr. Ken Wiles
    AppForge, Inc.
    Tower Place 200
    3348 Peachtree Road, N.E. Suite 625
    Atlanta, GA 30326
    Phone: (678) 686-9000

    Cornerstone monthly bills will include its fees and expenses. The bills will provide a breakdown of the current billing rates in effect at that time and the hours billed by person. The bills will also include a brief description of daily tasks performed. Attached is a copy of Cornerstone's current billing rate schedule. Cornerstone updates its billing rates once a year in July to reflect increases in seniority, experience, and other relevant factors. Cornerstone's new billing rates will appear on the first invoice following any updates made. Cornerstone bills will also include expenses, listed by category. Expense categories will include: data acquisition; data and document management (e.g., data entry, document logging, graphic exhibit preparation); photocopy; computer costs; telephone; postage; travel, meals (for travel, weekends, late-nights and client/expert meetings) and other expenses incurred on behalf of AppForge.

2.  **Scope of Work** – The scope of work covered by this Agreement will be determined by agreement between AppForge and Cornerstone. AppForge may set budget guidelines in writing with reasonable advance notice for Cornerstone's work. Cornerstone will endeavor to work within such guidelines. AppForge recognizes that factors may arise in the course of the litigation that will change the scope of Cornerstone Research's work. As a result, the original budget guidelines may no longer apply.

3.  **Payment** – Cornerstone has always endeavored to deliver consulting services in a timely fashion; in return, Cornerstone requests that upon receipt of its bills, AppForge review the bills at that time to determine if there are any questions or comments. If so, Cornerstone expects to be contacted in a timely fashion to address any questions or concerns. If not, then AppForge agrees to pay Cornerstone immediately upon receipt of the monthly bills. In the event invoices remain unpaid after sixty (60) days, AppForge also agrees to pay Cornerstone a retroactive finance charge of one-and-one-half percent (1.5%) per

C

month on balances unpaid after thirty (30) days and agrees to pay the cost of collection, including but not limited to reasonable attorney's fees. Cornerstone reserves the right to suspend all work on this engagement if AppForge's account becomes delinquent beyond sixty (60) days. AppForge understands that this means, in the event the account is delinquent, Cornerstone may cease all work and, as a result, work in progress (including making people available for deposition and trial and completing written reports) will be halted and may never be completed.

AppForge agrees to pay Cornerstone the full amount due, regardless of the outcome of this litigation and regardless of the availability of any insurance for such payments, or success or failure in obtaining reimbursement for such payments from any insurance. Cornerstone prepares its bills in accordance with this agreement and does not anticipate discounting its bills at a later date.

4. **Termination by Cornerstone Research** – Cornerstone may terminate its work if it believes that AppForge is requesting that it take actions or positions that it believes to be improper. Cornerstone further reserves the right to terminate its work in circumstances where a conflict of interest arises and is not waived by a necessary party or is not waivable. If there were to be such a termination, AppForge would remain liable for all unpaid charges for services provided and costs incurred.

5. **Conflict Check** – Cornerstone has undertaken a reasonable review of its records to determine Cornerstone's direct professional relationships with persons or entities identified by AppForge for Cornerstone that are parties to the above-listed litigation. Cornerstone has disclosed, where permitted, the results of this review.

6. **Document Disposition** – At the close of this engagement, AppForge agrees to contact Cornerstone to discuss the appropriate disposition of documents that were produced by the parties to the litigation and are in Cornerstone's possession. At the request of AppForge, Cornerstone will store, discard or return the documents; AppForge agrees to reimburse Cornerstone for the time and expense of doing so.

7. **Confidentiality** – It is Cornerstone's policy to treat all documents and information received from AppForge during an engagement as confidential ("Confidential Client Information"). Cornerstone agrees to take reasonable steps to protect the confidentiality of such documents and information. This obligation will not cover documents and information that (a) Cornerstone has

developed independently without the use of Confidential Client Information; (b) are or become part of the public domain (other than as a result of a breach by Cornerstone of its obligation under this paragraph); (c) are already known to Cornerstone at the time it receives them from the client; (d) are given to Cornerstone by a third party not known to have a confidentiality agreement with AppForge; or (e) are required to be disclosed pursuant to a validly issued order of a court or government agency. Cornerstone will make reasonable efforts to inform AppForge of such orders immediately, and Cornerstone will not interfere with legal remedies AppForge may pursue to prevent or limit disclosure.

8. **Limitation of Liability** – AppForge agrees that they shall not hold Cornerstone liable or responsible for any claims, liabilities, damages or expenses arising out of, or relating to, the above-captioned litigation or this Agreement, except to the extent that any of the foregoing results solely from the gross negligence or bad faith conduct of Cornerstone.

9. **Governing Law** – This Agreement shall be construed in accordance with the domestic laws of the State of Virginia.

10. **Entire Agreement** – This Agreement, together with any exhibits attached hereto, constitutes the entire agreement between the parties with respect to the above-captioned matter.

11. **Deemed Acceptance** – If AppForge should request that Cornerstone commence work or otherwise provide assistance before executing this Agreement, that request shall be deemed acceptance of and agreement to the terms contained herein.

If this Agreement meets with your approval, please indicate your acceptance by signing below and mailing this document back to me. If you have any questions, I would be pleased to discuss them with you.

Regards,

Mary A. Woodford
Vice President

MAW/hjw

C

Mr. Ken Wiles
April 5, 2005 – Page 5 of 5

Enclosure

**AppForge, Inc.**

By: _____

Title: _____

Date: _____

C

## Fee Schedule Effective July 1, 2004

| Title/ Level | Hourly Rate |
|---|---|
| Officer | $365 – $650 |
| Principal | $300 – $400 |
| Manager/ Senior Manager | $280 – $340 |
| Associate | $230 – $290 |
| Research Associate | $180 – $240 |
| Senior Analyst | $155 – $200 |
| Analyst | $100 – $180 |
| Information Specialist | $170 – $195 |
| Graphics Specialist | $150 – $185 |
| Computer Systems Specialist | $130 – $215 |
| Research Assistant | $50 – $110 |
| Project Administrator | $75 – $100 |
| Administrative Support | $60 – $85 |

# Exhibit D

```
Court Name: District of Columbia
Division: 1
Receipt Number: 4616001825
Cashier ID: lwebb
Transaction Date: 01/24/2007
Payer Name: Baxter Baker Side Conn Jones
------------------------------------
CIVIL FILING FEE
 For: Baxter Baker Side Conn Jones
 Amount:         $350.00
------------------------------------
CHECK
 Check/Money Order Num: 613991
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

07-0171

Only when the bank clears the
check, money order, or verifies
credit of funds, is the fee or debt
officially paid or discharged. A
$45 fee will be charged for a
returned check.
```