UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORNERSTONE RESEARCH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>APPFORGE, INC.<br><br>Defendant. | Civil Action No. 07-171 (CKK) |

**MEMORANDUM OPINION**
(November 13, 2007)

Presently before the Court is Plaintiff Cornerstone Research Inc.'s ("Cornerstone") Motion for Default Judgment as to Defendant AppForge, Inc. ("AppForge"). Based on Cornerstone's Complaint, Motion, and Supplemental Response to the Court's request for additional information, as well as the relevant case law, statutory authority, and the record as a whole, the Court shall GRANT [9] Plaintiff's Motion for Default Judgment.

Cornerstone filed a Complaint in this action on January 24, 2007. Cornerstone served a copy of the Complaint and Summons on AppForge's Resident Agent and its CEO on January 30, 2007. On February 20, 2007, AppForge filed a Consent Motion for an extension of time to file an Answer to Cornerstone's Complaint. The Court granted AppForge's Motion on March 6, 2007, and required AppForge to file its Answer no later than April 6, 2007. AppForge did not subsequently submit its Answer to the Court not make any other filing. On July 9, 2007, Cornerstone filed a Motion for an Entry of Default. On July 10, 2007, the Clerk of the Court

entered a Default against AppForge, and on July 11, 2007, Cornerstone filed the instant Motion for Default Judgment.  The Court requested additional information from Cornerstone by Minute Order dated July 16, 2007, and Cornerstone filed a response on July 27, 2007 ("Pl.'s Suppl. Resp.").

Cornerstone's claims against AppForge seek to recover the principal amount owed of $108,522.85 for its services.  *See* Compl. ¶15 (principal balance owed); *see also* Pl.'s Suppl. Resp. Ex. 1 ¶ 4 (Affidavit of Greg Chadwick).  In addition to this amount, Cornerstone seeks prejudgment and post-judgment interest.  Pl.'s Mot for Default J. at 1.  Plaintiff represents that AppForge is "not an infant, incompetent, or in the military service of the United States."[1]  Pl.'s Mot. for Default J. ¶ 4.

The facts of this case establish that in April 2005, AppForge engaged Cornerstone to provide consulting and expert witness services in support of an arbitration styled *AppForge, Inc. v. Extended Sys, Inc.*, AAA Arbitration File No. 14 117 01521 04.  *See* Compl. ¶ 6.  Cornerstone drafted and sent a letter of engagement to AppForge, although Cornerstone does not have a signed copy of the letter.  *See* Pl.'s Suppl. Resp. ¶ 1.  Nevertheless, AppForge did not object to the terms of the letter, and it paid the first invoice issued by Cornerstone in June 2005.  *Id.* Ex 1 ¶ 4 (affidavit of Greg Chadwick).  AppForge failed to pay any subsequent invoices for Cornerstone's services issued between July 2005 to February 2006.  *Id.*  By March 2006, Cornerstone had invoiced $165,301.02 in services, but AppForge had only paid the initial invoice in the amount of $56,748.17, leaving an outstanding balance of $108,552.85.  *See* Compl. ¶¶ 8,

---

[1] Fed. R. Civ. P. 55(b)(2) provides, in relevant part, that "no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein."

9; Pl.'s Suppl. Resp. Ex. 1 ¶ 6.

By letter dated March 9, 2006, Cornerstone made a demand for payment and attached a statement of the account.  *See* Pl.'s Suppl. Resp. Ex. 2 at 1.  AppForge's Chief Financial Officer, Graham Wood, responded to Cornerstone in an email dated March 14, 2006, wherein he acknowledged the outstanding balance and asked for additional time to transmit payment.  *Id.* Ex. 2 at 2.  Although Cornerstone provided AppForge with additional time to pay the outstanding balance, AppForge failed to make any further payments on the account.  *See* Compl. ¶ 11.  On this record, the Court finds that an award of the outstanding principal balance is clearly warranted.

Cornerstone's letter of engagement and related invoices indicate that an interest rate of 1.5% per month (18% per annum) would be charged for outstanding balances over sixty days past due.  *See* Pl.'s Suppl. Resp. ¶ 2.  Cornerstone calculated the interest due on the $108,552.85 balance as $32,503.68 (as of July 10, 2007).  *See* Pl.'s Suppl. Resp. Ex. 1 ¶ 5 (Affidavit of Greg Chadwick), Ex. 2 (calculation of interest spreadsheet).  Cornerstone asks the Court to award this interest rate instead of the statutory prejudgment interest rate of 6%.  *See* D.C. Code § 28-3302(a) ("[t]he rate of interest in the District upon the loan or forbearance of money, goods, or things in action in the absence of expressed contract, is 6% per annum").  Because AppForge paid Cornerstone under the terms of an invoice providing for an 18% per annum interest rate, and consistent with the letter of engagement providing for the same,[2] the Court finds that the 18% per

---

[2] A party's failure to obtain a signature on the letter of engagement does not, by itself, invalidate an agreement between parties where, as here, the parties' course of conduct suggests mutual assent to its terms.  *See, e.g.*, *Kramer Assoc., Inc. v. Ikam, Ltd.*, 888 A.2d 247, 252 (D.C. 2005) (holding that an absence of a signature does not invalidate the parties' potential agreement, as a meeting of the minds could also be shown through the parties' actions).

annum interest rate is appropriate. Moreover, AppForge acknowledged the outstanding balance was owed to Cornerstone but made no further payments, and AppForge is clearly aware of these proceedings as it previously filed a motion in the instant action.

Post-judgment interest shall accrue at the legal rate. *See* D.C. Code § 28-3302(c) (specifying the legal rate of interest on judgments).

For the reasons set forth above, the Court shall GRANT [9] Plaintiff's Motion for Default Judgment. Cornerstone shall be entitled to $108,522.85 for the outstanding principal balance and $32,503.68 for interest due on the principal, for a total amount of $141,056.53. Cornerstone shall also be entitled to the legal rate of post-judgment interest until payment. An appropriate Order accompanies this Memorandum Opinion.

Date:   November 13, 2007

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge